KNOTT, Circuit Judge.
This appeal raises the question whether a foreign corporation which does business, and owns intangible personal property, in several counties of this state should file an intangible tax return in each county within which it owns intangibles
Ch. 199.08, Florida Statutes, F.S.A., provides as follows:
“Intangible personal property shall be assessed in the county where the taxpayer resides or has his usual domicile. In case of corporations such intangible personal property tax returns shall be assessed and levied in the county in which the corporation has its principal office, or place of business.”
Lacking a clearly expressed legislative intent to the contrary, the statutory language must be deemed to include foreign as well as domestic corporations. Therefore, a foreign corporation which is doing business and owns intangibles in several counties of the state complies with the requirement of the statute when it files in the county wherein is located its principal office or place of business a single return of all its intangibles within the state.
As observed by the learned Chancellor below, in granting motion for summary decree:
“In the case of a natural person, it is clear that the situs of the residence of the owner is the place of taxation. This is true, although a citizen of Leon County may own no intangibles having a business situs in Leon County, but may own many thousand of dollars worth of such property located in Du-val, Dade or Hillsboro County. In the case of a domestic corporation, the principal office is the situs of the taxation of intangibles no matter where they may be located in the state. For example, ‘A’ may reside in Leon County, and have money on deposit and stocks and bonds in a lock box in a bank in Jacksonville. ‘A, Inc.,’ may have its principal place of business in Leon County and may have notes secured by chattel mortgages on property in Dade County, and the notes themselves may be kept in a lock box in a Miami Bank. In each instance the police of. another county protect the property, and the courts of another, county may be called upon to enforce the owner’s rights. But the property is assessed and the taxes must be paid in Leon County. There may be elements of injustice in this. If so, it is a legislative and not a judicial problem. The law is clear and the courts and administrative officers cannot change it.”
The decree appealed from should be and is hereby—
Affirmed.
THOMAS, Acting Chief Justice, and ROBERTS, DREW and THORNAL, JJ., concur.